**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

Paul R. D'Amato, Esquire (PD-7303)
D'Amato Law Firm
2900 Fire Road, Suite 200
Egg Harbor Township, New Jersey 08234
609-926-3300
Attorney for Plaintiff

| | |
|---|---|
| **PAUL JAMES HRONCICH,**<br><br>Plaintiff,<br><br>-vs-<br><br>**AMAZON.COM, INC.,**<br><br>Defendants, | CAMDEN VICINAGE<br><br>CASE NO:<br><br>CIVIL ACTION<br><br>COMPLAINT<br>AND JURY DEMAND |

## INTRODUCTION

Plaintiff Paul James Hronich, residing in Atlantic County, New Jersey, brings this action against Defendants Amazon.com, Inc., for personal injuries sustained when Plaintiff was caused to become injured while as the passenger of a vehicle being driven by his father, and with his brothers present, an *ESR 10,000 m/Ah Wireless Portable Charger with USB-C Cable(Halo Lock), Compatible with MagSafe Battery Pack, Magnetic Wireless Power Bank for iPhone 15/14/13/12, Compatible MagSafe Power Bank, Black* (hereinafter, "portable charger" or "battery") located in his pocket that was not plugged in, was not on, was not actively charging an electric system, but containing Lithium-Ion polymer, instantaneously and without warning combusted causing Plaintiff to become ignited and set on fire.

The subject battery was either designed, and/or manufactured, and/or marketed, and/or distributed, and/or tested, and/or sold and otherwise placed into the stream of commerce by the Defendant with the knowledge of and intention to benefit from the consumer market in the State of New Jersey by Defendant Amazon.com, LLC., (hereinafter "Amazon").

## JURISDICTION AND VENUE

1. Plaintiff is a citizen of the State of New Jersey.

2. Defendant Amazon is a foreign C-Corporation, incorporated in the State of Delaware, and has its principal place of business in the State of Washington.

3. Plaintiff asserts that his damages, exclusive of interest and costs, exceed the sum of $75,000.00, given the nature, extent, and permanency of his physical and emotional

injuries, incurred and anticipated medical expenses, pain and suffering, loss of enjoyment of life, scarring and disfigurement, and other damages recoverable under law.

4. Given the existence of complete diversity of citizenship and damages in excess of $75,000.00, jurisdiction lies in the United States District Court for the District of New Jersey pursuant to 28 U.S.C §1332(a).

## PARTIES

5. Plaintiff Paul James Hroncich is a citizen of the United States and resides in Atlantic County, New Jersey.

6. Defendant Amazon is a foreign corporation organized pursuant to the laws of the State of Delaware with its principal place of business at 410 Terry Ave. N Seattle, WA 98109 and has a registered of process located at 40 Technology Parkway S. Suite 300 Norcross, GA 30092.

## COUNT ONE

7. On August 3, 2025, Plaintiff was a passenger in a motor vehicle being operated by his father.

8. Plaintiff's brothers were also occupants of the vehicle.

9. The family was traveling on the Atlantic City Expressway in route to Citizens Bank Park to attend a Philadelphia Phillies baseball game.

10. At the time of the incident, Plaintiff possessed an ESR 10,000mAh Wireless Portable Charger with USB-C Cable (HaloLock), a magnetic wireless power bank compatible with MagSafe devices.

11. The battery had been purchased through Amazon's online marketplace on December 20, 2023. See Exhibit A.

12. The Amazon order number associated with the purchase was Order No. 111-1505766-7968231.

13. At all relevant times, the battery was in substantially the same condition as when it was sold.

14. At the time of the incident, the battery was not plugged into any electronic device.

15. The battery was not charging any electronic device.

16. The battery was not actively in use.

17. While Plaintiff was lawfully occupying the vehicle, the battery suddenly and without warning overheated, ignited, and combusted.

18. Flames erupted from the battery and ignited Plaintiff's clothing.

19. Plaintiff attempted to distance himself from the burning battery while the vehicle was traveling on the Atlantic City Expressway.

20. Because the vehicle was in motion, Plaintiff was unable to immediately escape the flames.

21. Plaintiff ultimately threw the burning battery away from his body in an effort to prevent further injury.

22. Despite his efforts, Plaintiff sustained serious burn injuries to his right upper extremity, right buttock, and other areas of his body.

23. Upon information and belief, the battery was manufactured, assembled, designed, and/or produced by WayMeet Limited, a foreign business entity located in Kowloon, Hong Kong.

24. Upon information and belief, Defendant Amazon was aware that the battery was marketed and sold under the ESR brand name.

25. At all relevant times, Defendant Amazon marketed, advertised, listed, promoted, distributed, fulfilled, stored, and sold the Battery through its online marketplace and fulfillment system.

26. Defendant Amazon derived financial benefit from the sale of the battery.

27. Defendant Amazon actively participated in intentionally placing the battery into the stream of commerce in the State of New Jersey.

28. On or about October 9, 2025, ESR issued a recall on the battery. See Exhibit B.

29. The recall identified a risk that the battery could overheat, ignite, and cause fires and burn injuries.

30. The hazards identified in the recall are consistent with the manner in which the battery failed and injured Plaintiff.

31. The battery was a product within the meaning of the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1 et seq.

32. Defendant Amazon was a product seller within the meaning of N.J.S.A. 2A:58C-8.

33. Defendant Amazon marketed, advertised, distributed, fulfilled, sold, and otherwise placed the battery into the stream of commerce.

34. The battery reached Plaintiff without substantial change from the condition in which it was sold.

35. The battery was defective and unreasonably dangerous when it left the control of Defendant Amazon and entered the stream of commerce.

36. The battery contained one or more manufacturing defects.

37. The battery contained one or more design defects.

38. The battery was defective due to inadequate warnings and instructions concerning the risks of overheating, ignition, combustion, and fire.

39. The battery failed to perform in a reasonably safe manner when used in an intended or reasonably foreseeable manner.

40. Plaintiff was using and possessing the battery in an intended and reasonably foreseeable manner at the time of the occurrence.

41. The battery catastrophically failed while not connected to any device and while not actively being used.

42. The defective condition of the battery directly and proximately caused Plaintiff's injuries and damages.

43. As a direct and proximate result of the defective condition of the battery, Plaintiff sustained severe and permanent bodily injuries, burns, scarring, disfigurement, pain and suffering, emotional distress, past and future medical expenses, loss of enjoyment of life, and other damages.

44. Defendant Amazon is strictly liable to Plaintiff pursuant to the New Jersey Product Liability Act for the injuries and damages caused by the defective and unreasonably dangerous condition of the Battery.

45. Prior to the aforesaid August 3, 2025 incident involving Plaintiff Paul James Hroncich, Defendant Amazon through its employees, agents, and representatives had actual and/or constructive knowledge that the subject portable charger posed a risk of serious damage and injury to consumers because of the defect that caused the portable charger to spontaneously overheat and ignite.

46. Defendant Amazon, in a breach of its duty described above, marketed, allowed to be sold on its website, and placed in the stream of commerce the aforesaid portable charger in such a way that it was rendered unreasonable dangerous on that Defendant Amazon:

a) Failed to warn Plaintiff that using the portable charger for the purpose for which wit was intended to be used created an unreasonable fire and burn hazard;
b) Failed to inspect the portable charger to determine where it was properly manufactured;
c) Failed to remove the portable charger from the stream of commerce when Defendant Amazon became aware of prior burn injuries and property damage;
d) Failed to issue a warning or recall of the aforesaid portable charger after learning of other incidents in which the product caused burn injuries.

47. The subject battery was not reasonably fit suitable or safe for the intended purpose because (a) said product deviated from the design, specifications, formulae, or performance standards of Defendant Amazon or from otherwise identical products manufactured to the

same manufacturing specifications, or formulae, and (b) because the aforesaid products failed to contain adequate warnings or instructions, and (c) because the aforesaid product was designed in a defective manner.

48. Subsequent to the design, manufacture, consulting, distribution and/or sale of the subject products, all the defendants whose names are stated in the caption of the within Complaint, acquired knowledge of the defective condition of the subject product and failed to properly warn the owners of the subject product and foreseeable users of the subject product of the defective conditions of said product.

49. The aforesaid defect of the product and/or the aforesaid failure by the Defendant to warn of its dangerousness was the proximate cause of the Plaintiff's injuries.

50. As a result of the aforesaid, Plaintiff sustained severe and permanent bodily injuries, burns, scarring, disfigurement, pain and suffering, emotional distress, past and future medical expenses, loss of enjoyment of life, and other damages.

WHEREFORE, Plaintiff Paul James Hroncich demands judgment against Defendant Amazon.com, Inc. for compensatory damages, pre-judgment and post-judgment interest, costs of suit, and such other and further relief as the Court deems just and equitable.

## COUNT TWO

51. Plaintiff repeats the allegations contained in the previous Count(s) and sets for the same at length herein.

52. At all relevant times hereto, all Defendants named in this action acted with deliberate indifference to the welfare and safety of Plaintiff.

53. The Defendant's acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions.

54. Plaintiff is entitled to punitive damages for the intentional acts and omissions and wanton and willful disregard for third persons who foreseeably will be harmed by the acts and omissions of the Defendants pursuant to N.J.S.A 2A:15-5.12.

WHEREFORE, Plaintiff demands judgement against Defendant Amazon for punitive damages, interest, and costs of suit.

**JURY DEMAND**

Plaintiff demands a jury trial.

D'AMATO LAW FIRM

By: ______________________
Paul R. D'Amato, Esquire

Dated: July 2, 2026

**CERTIFICATION**

Paul R. D'Amato, Esquire, of full age, certifies:

1. I am a member of the D'Amato Law Firm, P.C. and am entrusted with the preparation and trial of this case.

2. This case is not subject of any other court action or arbitration proceeding.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

D'AMATO LAW FIRM

By: ______________________
Paul R. D'Amato, Esquire

Dated: July 2, 2026

**INTERROGATORIES TO BE**
**ANSWERED BY DEFENDANT Fed. R. Civ. Pro. 33**

NO. 1

Identify all persons who participated in preparing, reviewing, verifying, or supplying information used in answering these interrogatories.

NO. 2

Identify each current or former employee, agent, representative, corporate designee, contractor, consultant, or other person with knowledge concerning the design, manufacture, assembly, testing, certification, quality control, packaging, labeling, marketing, distribution, storage, fulfillment, sale, recall, investigation, or performance of the subject ESR 10,000mAh Wireless Portable Charger with USB-C Cable (HaloLock) purchased through Amazon Order No. 111-1505766-7968231.

NO. 3

Describe in detail Amazon's relationship with ESR, WayMeet Limited, and every other entity involved in the design, manufacture, testing, certification, importation, distribution, storage, fulfillment, marketing, or sale of the subject battery.

NO. 4

State whether Amazon contends that it is not a manufacturer, seller, product seller, distributor, supplier, or entity within the chain of distribution of the subject battery and, if so, set forth all facts, documents, and legal bases supporting that contention.

NO. 5

Identify every entity involved in the design, manufacture, assembly, testing, certification, packaging, labeling, importation, warehousing, fulfillment, distribution, and sale of the subject battery.

NO. 6

Describe in detail the manner in which the subject battery was listed, advertised, marketed, warehoused, stored, fulfilled, shipped, and sold through Amazon's marketplace and fulfillment systems.

NO. 7

State whether Amazon received, possessed, reviewed, investigated, or became aware of any complaint, customer review, warranty claim, incident report, injury report, safety concern, governmental inquiry, insurance claim, lawsuit, arbitration, demand, or notice concerning overheating, thermal runaway, combustion, ignition, fire, smoke emission, swelling, explosion, burns, or similar failures involving the subject battery and identify each such occurrence.

NO. 8

State the date upon which Amazon first became aware of any allegation, report, complaint, claim, review, or information suggesting that the subject battery could overheat, ignite, combust, explode, emit smoke, swell, or otherwise create a fire hazard.

NO. 9

Describe in detail every investigation, analysis, review, root-cause analysis, failure analysis, engineering review, safety review, or corrective-action investigation conducted by or on behalf of Amazon concerning the subject battery.

NO. 10

Identify and describe every recall, corrective action, field action, stop-sale directive, warning, safety bulletin, consumer notification, product suspension, listing removal, or marketplace restriction involving the subject battery.

NO. 11

State when Amazon first learned of the October 9, 2025 recall and identify all persons involved in evaluating, implementing, or responding to that recall.

NO. 12

Describe all communications between Amazon and ESR, WayMeet Limited, any insurer, any testing laboratory, the Consumer Product Safety Commission, or any governmental agency concerning the safety, performance, recall, or hazard profile of the subject battery.

NO. 13

Identify all testing, certification, evaluation, safety review, hazard analysis, quality-control review, audit, inspection, or engineering analysis performed by or on behalf of Amazon concerning the subject battery, transportation, battery safety, or similar testing.

NO. 14

State whether Amazon contends that the subject battery complied with all applicable statutes, regulations, standards, certifications, industry standards, customs, practices, or safety requirements and identify each such standard or requirement.

NO. 15

State all facts supporting any contention that the subject battery was not defective in design, manufacture, warnings, instructions, packaging, quality control, or otherwise.

NO. 16

State all facts supporting any contention that Plaintiff misused, altered, modified, damaged, improperly maintained, improperly charged, improperly stored, or otherwise improperly handled the subject battery.

NO. 17

State all facts supporting any contention that the subject battery was not the cause of Plaintiff's injuries and damages.

NO. 18

State all facts supporting each affirmative defense asserted in Defendant's Answer.

NO. 19

Identify every lawsuit, arbitration, claim, consumer complaint, insurance claim, governmental investigation, governmental inquiry, recall proceeding, or regulatory action involving allegations that the subject battery overheated, ignited, combusted, exploded, emitted smoke, caused burns, or caused fire damage.

NO. 20

Identify every insurance policy, indemnification agreement, vendor agreement, supplier agreement, defense agreement, hold-harmless agreement, or other contract that may provide insurance, indemnity, contribution, reimbursement, or defense for the claims asserted in this action.

NO. 21

Identify all documents that support any denial, defense, affirmative defense, contention, or position asserted by Amazon in this litigation.

NO. 22

State whether the subject battery was ever removed, suspended, restricted, blocked, de-listed, quarantined, flagged, investigated, or otherwise subjected to any internal safety review by Amazon and describe each such action.

NO. 23

State whether Amazon possesses or has access to any exemplar batteries, returned batteries, incident batteries, testing samples, or retained product samples of the same model as the subject battery and identify each such item.

NO. 24

Identify all documents, electronically stored information, databases, customer reviews, complaint logs, safety reports, incident reports, recall files, communications, testing files, and investigative materials relating to the subject battery.

NO. 25

State whether any surveillance, social media investigation, background investigation, claims investigation, medical records review, CIB search, or similar investigation has been conducted concerning Plaintiff and identify all persons involved, the dates performed, and all materials generated.

**FIRST DEMAND PURSUANT**
**TO Fed. R. Civ. Pro. 34**

## DEFINITIONS

(A) "Plaintiff" means Plaintiff Paul James Hronich, together with his attorneys, agents, representatives, investigators, and all persons acting on his behalf.

(B) "Defendant," "Amazon," "You," and "Your" mean Defendant Amazon.com, Inc., together with its parents, subsidiaries, affiliates, predecessors, successors, divisions, departments, officers, directors, employees, agents, representatives, attorneys, contractors, consultants, investigators, and all persons acting or purporting to act on its behalf.

(C) "Person" means any natural person, corporation, limited liability company, partnership, joint venture, proprietorship, association, governmental entity, or any other legal or business entity.

(D) "Document" and "Documents" shall be construed in the broadest sense permitted by Rules 26 and 34 of the Federal Rules of Civil Procedure and include all writings, recordings, electronically stored information ("ESI"), photographs, images, databases, spreadsheets, reports, memoranda, correspondence, emails, text messages, instant messages, social media communications, presentations, contracts, agreements, manuals, policies, procedures, drawings, specifications, testing records, and all drafts and non-identical copies thereof.

(E) "Electronically Stored Information" or "ESI" shall have the broadest meaning permitted by Rule 34 and includes all electronically stored data regardless of form, including emails, text messages, chats, messaging-platform communications, databases, spreadsheets, electronic documents, metadata, logs, cloud-stored data, archived data, and all associated attachments.

(F) "Communication" means every oral, written, electronic, recorded, or transmitted exchange of information, including correspondence, emails, text messages, instant messages, meetings, telephone conversations, video conferences, memoranda, and social-media communications.

(G) "Identify," when used with respect to a person, means to state the person's full name, present or last known address, employer, job title, and relationship to the parties.

(H) "Identify," when used with respect to a document, means to state the date, author, recipient(s), type of document, subject matter, and present custodian or location.

(I) "Incident" means the occurrence alleged in the Complaint wherein the subject ESR 10,000mAh Wireless Portable Charger with USB-C Cable (HaloLock) allegedly ignited and caused injury to Plaintiff.

(J) "Battery" means the ESR 10,000mAh Wireless Portable Charger with USB-C Cable (HaloLock), compatible with MagSafe devices, purchased through Amazon Order No. 111-1505766-7968231 and alleged in the Complaint to have caused Plaintiff's injuries.

(K) "Relating to," "related to," "regarding," "concerning," "referring to," or similar phrases shall mean mentioning, describing, discussing, analyzing, constituting, evidencing, memorializing, reflecting upon, commenting upon, pertaining to, or having any logical or factual connection with the subject matter referenced.

(L) The singular includes the plural and vice versa. The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responsive information.

(M) "Custodian" means any person possessing, maintaining, controlling, supervising, or having access to responsive information or documents.

INSTRUCTIONS

1. These requests are continuing in nature. Pursuant to Rule 26(e), you are required to supplement your responses if you obtain additional responsive information or documents.

2. If any responsive document has been lost, destroyed, deleted, discarded, or otherwise disposed of, identify the document, the date of its destruction or disposition, the reason therefore, and the person responsible.

3. If you withhold any document or information on the basis of privilege, work-product protection, or any other immunity, provide a privilege log complying with Rule 26(b)(5), identifying:
(a) the date of the document;
(b) the author;
(c) all recipients;
(d) the nature of the document;
(e) the privilege asserted; and
(f) sufficient information to permit evaluation of the claim without revealing the privileged information itself.

4. If you object to any request, answer the request to the fullest extent possible and identify the portion to which objection is made.

5. If no responsive documents exist, state so expressly after conducting a reasonable search.

6. Unless otherwise specified, the relevant time period extends from January 1, 2015, through the present.

7. Responsive ESI shall be produced in native format where reasonably available, together with associated metadata, or in another reasonably usable form as required by Rule 34(b)(2)(E).

8. Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the categories in these requests pursuant to Rule 34(b)(2)(E)(i).

9. The fact that an investigation is ongoing or discovery is incomplete shall not excuse a response. Responsive information presently known shall be disclosed and supplemented as required by Rule 26(e).

10. These requests encompass documents, communications, and ESI in the possession, custody, or control of Defendant, including information maintained by agents, affiliates, contractors, consultants, insurers, investigators, vendors, or other persons acting on Defendant's behalf.

**DEMANDS**

NO. 1

Produce all documents identified, referenced, relied upon, reviewed, consulted, or otherwise considered in answering Plaintiff's Interrogatories.

NO. 2

Produce the complete product file for the ESR 10,000mAh Wireless Portable Charger with USB-C Cable (HaloLock), including all design, engineering, testing, certification, quality-control, manufacturing, packaging, labeling, marketing, distribution, fulfillment, safety, recall, and investigative materials.

NO. 3

Produce all documents identifying the manufacturer, designer, assembler, importer, distributor, supplier, seller, and fulfillment entities involved with the subject battery.

NO. 4

Produce all contracts, agreements, vendor agreements, supplier agreements, fulfillment agreements, marketplace agreements, indemnification agreements, quality-control agreements, and related documents concerning the subject battery.

NO. 5

Produce all documents concerning the listing, advertising, marketing, promotion, sale, distribution, storage, warehousing, fulfillment, shipment, or delivery of the subject battery.

NO. 6

Produce all customer complaints, customer reviews, claims, incident reports, safety reports, injury reports, warranty claims, returns, chargebacks, investigations, or communications concerning overheating, thermal runaway, combustion, ignition, fire, smoke emission, swelling, explosion, burns, or similar failures involving the subject battery.

NO. 7

Produce all databases, spreadsheets, summaries, compilations, analyses, or reports reflecting complaints, claims, incidents, injuries, returns, or safety concerns involving the subject battery.

NO. 8

Produce all documents concerning any investigation, review, root-cause analysis, engineering analysis, failure analysis, hazard analysis, safety review, corrective action, or internal evaluation relating to the subject battery.

NO. 9

Produce all testing records, test reports, certifications, laboratory reports, audit reports, engineering reports, quality-control records, and safety evaluations concerning the subject battery.

NO. 10

Produce all documents concerning compliance or noncompliance with any UL, IEC, UN38.3, CPSC, transportation, battery-safety, industry, governmental, or regulatory standards applicable to the subject battery.

NO. 11

Produce all communications between Amazon and ESR, WayMeet Limited, any manufacturer, supplier, distributor, testing laboratory, insurer, governmental agency, or regulatory body concerning the subject battery.

NO. 12

Produce all documents concerning any recall, corrective action, stop-sale directive, consumer notification, field action, marketplace restriction, listing suspension, listing removal, or safety warning involving the subject battery.

NO. 13

Produce all documents concerning the October 9, 2025 recall referenced in Plaintiff's Complaint.

NO. 14

Produce all communications concerning the October 9, 2025 recall.

NO. 15

Produce all documents reflecting when Amazon first became aware of any allegation that the subject battery could overheat, ignite, combust, emit smoke, swell, explode, or otherwise create a fire hazard.

NO. 16

Produce all documents concerning any lawsuit, arbitration, consumer claim, governmental investigation, governmental inquiry, insurance claim, regulatory proceeding, or administrative proceeding involving allegations that the subject battery caused overheating, ignition, combustion, burns, explosions, smoke emission, or fire damage.

NO. 17

Produce all photographs, videos, recordings, demonstrations, testing footage, surveillance footage, animations, exemplars, or visual materials concerning the subject battery or incidents involving the subject battery.

NO. 18

Produce all electronically stored information, including emails, text messages, Slack messages, Teams messages, internal messaging communications, memoranda, reports, presentations, and correspondence concerning the subject battery.

NO. 19

Produce all documents concerning Amazon's policies, procedures, protocols, or practices relating to identifying, investigating, evaluating, restricting, suspending, warning about, recalling, or removing allegedly dangerous consumer products from its marketplace.

NO. 20

Produce all documents concerning Amazon's policies, procedures, protocols, or practices relating to lithium-ion batteries, portable power banks, thermal runaway events, battery fires, or battery safety.

NO. 21

Produce all documents supporting any contention that the subject battery was not defective.

NO. 22

Produce all documents supporting any contention that Plaintiff misused, altered, modified, damaged, improperly maintained, improperly stored, or otherwise improperly handled the subject battery.

NO. 23

Produce all documents supporting any affirmative defense asserted in this litigation.

NO. 24

Produce all documents supporting any contention that Plaintiff's injuries were caused by a condition, event, act, omission, accident, product, or circumstance other than the subject battery.

NO. 25

Produce all insurance policies, indemnification agreements, vendor agreements, supplier agreements, hold-harmless agreements, defense agreements, reservation-of-rights letters, and coverage correspondence potentially applicable to the claims asserted herein.

NO. 26

Produce all documents identifying any exemplar, retained sample, returned product, failed battery, incident battery, testing sample, or physical evidence involving the same model as the subject battery.

NO. 27

Produce all documents concerning any inspection, testing, examination, or analysis of the battery involved in Plaintiff's incident.

NO. 28

Produce all photographs, videos, reports, diagrams, measurements, notes, witness statements, or investigative materials concerning Plaintiff's incident.

NO. 29

Produce all surveillance materials, social media investigations, background investigations, CIB reports, claims investigations, or similar materials concerning Plaintiff.

NO. 30

Produce any and all documents not otherwise requested that support, relate to, contradict, or concern any defense, denial, or contention asserted by Amazon in this action.

**NOTICE OF DEPOSITION FOR DEFENDANT'S DESIGNATED CORPORATE REPRESENTATIVE Pursuant to Fed. R. Civ. Pro. 30**

**PLEASE TAKE NOTICE** that in accordance with the Rules of Civil Practice and Procedure, testimony will be taken by Deposition upon oral examination before a person authorized by the laws of the Third Federal Circuit of the United States to administer oaths on (a designated corporate representative) with respect to all matters relevant to the subject matter involved in this action, at which time and place you will please produce the following person(s):

**The Designated Corporate Representative on behalf of Defendant Amazon.com, Inc., pursuant to Fed. R. Civ. Pro. 30(b)(6) who has the most relevant knowledge regarding:**

a) Defendant's procurement and sourcing for products manufactured outside of the United States.

b) The subject incident involving Plaintiff Hroncich.

c) Defendant's policies, procedures, and practices concerning product recalls, safety notices, and communications with consumers regarding potentially defective products.

d) Defendant's design, development, testing, inspection, certification, quality-control, and safety-evaluation procedures applicable to the subject product and/or products bearing a similar risk profile to the subject ESR battery.

e) Defendant's knowledge of, and consumer complaint history relating to, the subject ESR brand battery and substantially similar ESR battery products.

f) Defendant's policies, procedures, and practices in effect at the time of sale regarding the identification, monitoring, investigation, and removal of potentially defective or unsafe products from the marketplace.

g) The preservation, maintenance, and retention of documents, electronically stored information, testing records, complaint records, investigative materials, and communications relating to the subject product and the incident alleged in the Complaint.

Dated: July 2, 2026

Paul R. D'Amato, Esquire